UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ANGELA NALL, )
 )
        Plaintiff, )
v. ) No. 4:06-cv-0113-SEB-WGH
 )
WASHINGTON COUNTY MEMORIAL )
  HOSPITAL, )
 )
        Defendant. )

**Entry Discussing Motion for Summary Judgment**

This is a diversity action in which the plaintiff, a citizen of Kentucky, alleges that Washington County Memorial Hospital ("Hospital") committed medical malpractice. The substantive law of Indiana governs the plaintiff's claim, as to which the Hospital seeks summary judgment.[1]

The Hospital's motion for summary judgment (dkt 42) is **granted,** because it has established through the evidentiary record that there is no genuine dispute as to any material question of fact and that it is entitled to judgment as a matter of law.[2] Specifically,

---

[1] Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." **FED.R.CIV.P.** Rule 56(c).
Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must-by affidavits or as otherwise provided in this rule-set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

[2] The plaintiff's failure to oppose the motion for summary judgment has a particular consequence, which is that she has admitted the truth of the Hospital's statement of material facts for purposes of the court acting on the motion for summary judgment. See *Johnson v. Gudmundsson,* 35 F.3d 1104, 1108 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997). The Seventh Circuit Court of Appeals has consistently "sustained entry of summary judgment where 'the nonmovant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts.'" *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997)(quoting *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994)).

that record shows that a medical review panel unanimously found that the Hospital had complied with the reasonable standard of medical care and the plaintiff has not come forward with physician expert testimony to support her claim that her alleged injuries and damages were caused by substandard medical care by the Hospital. In malpractice cases, health care providers must exercise that degree of care, skill, and proficiency exercised by reasonably careful, skillful, and prudent practitioners in the same class acting under the same or similar circumstances. *Vergara v. Doan,* 593 N.E.2d 185, 187 (Ind. 1992). "[E]xcept in those cases where deviation from the standard of care is a matter commonly known by lay persons, expert medical testimony is necessary to establish whether a physician has or has not complied with the standard of a reasonably prudent physician." *Culbertson v. Mernitz,* 602 N.E.2d 98, 104 (Ind. 1992). Because no showing of this nature has been made, the Hospital is entitled to prevail at this point.

The Hospital's motion for summary judgment (dkt 42) is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/02/2009

_SARAH EVANS BARKER_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana